UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 09-60592-CIV  COOKE/BANDSTRA

FORMULA LLC, *et al.*,

      *Plaintiffs*,

v.

RSUI INDEMNITY COMPANY,

      *Defendant*.

_____/

## <u>ORDER ON DEFENDANT'S MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant RSUI Indemnity Company's Motion to Dismiss [DE 6].  Plaintiffs filed their Response [DE 7] on May, 29, 2009 and Defendant filed their Reply [DE 11] on June 10, 2009.  For the reasons stated below, Defendant's Motion to Dismiss is granted in part and denied in part.

## I. BACKGROUND

Plaintiffs The Formula LLC, The Formula LLC (Delaware), The Formula Inc., Brian Neiman, and Frank Lara (collectively, Plaintiffs, "Formula," or "Company") filed a complaint on April 22, 2009 against RSUI Indemnity Company (Defendant or "RSUI") [DE 1].  The Complaint has 11 counts, alleging claims of breach of contract, statutory bad faith, common law bad faith, and for declaratory relief, all arising from Defendant's alleged denial of insurance coverage owed to Plaintiffs.  RSUI issued an insurance policy, policy number HP625427, for the period of June 19, 2007 to June 19, 2008.  When the policy expired on June 19, 2008, Defendant did not renew it.  As a result, Plaintiffs' Complaint includes counts for wrongful failure to renew

the policy under both Florida law and the insurance policy contract.[1]

Plaintiffs also allege that third parties have brought 17 claims against them and that all such claims were of the type covered under the RSUI provided policy.  Further, Formula argues that the claims were tendered for payment to RSUI and Defendant unlawfully denied defense and indemnification.  Although Formula does not give a date, it does not appear to be in dispute that these claims were tendered.  Plaintiffs are seeking recovery for an unspecified amount of compensatory, consequential, and punitive damages, costs, pre- and post-judgment interest, and attorney's fees.  Plaintiffs also seek declaratory judgment that RSUI has a duty to defend and indemnify them, that RSUI has a duty to issue a renewal policy for the period of June 19, 2008 to June 19, 2009, that Plaintiffs are entitled to tail coverage under the policy, and that RSUI's cancellation of the policy was invalid.

On May 20th, 2009, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. [DE 6]. Defendant seeks dismissal on the following grounds: (1) Plaintiffs' Claims for Bad Faith are Premature or Barred by Florida Law; (2) Plaintiffs' Claims for Breach of Contract Fail to State Causes of Action for Which Relief May be Granted; (3)  Count X for Damages for Wrongful Cancellation of Policy Fails to Plead a Cause of Action; and (4) Plaintiffs' Claims for Declaratory Relief Fail to State Causes of Action for Which Relief May be Granted.  The motion is ripe, as Plaintiffs' Response [DE 7] and Defendant's Reply [DE 11] have been timely filed.

## II.    RELEVANT STANDARD

"When considering a motion to dismiss, the Court must accept all of the plaintiff's

---

[1]Plaintiffs brought the Complaint under diversity jurisdiction, 28 U.S.C. Sec. 1332(a)(2), claiming that they are citizens of Florida and Delaware and Defendant is a citizen of Georgia.

allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."  *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 214715 at *2 (S.D.Fla. Jan. 24, 2008) (citation omitted).  "Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6)."  *Powell v. Davis*, 2007 WL 2669432 at *1 (N.D.Fla. Sept. 7, 2007) (slip op.) (citation omitted).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face").  More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible."  *Id.* at 1974.  A recent Supreme Court decision affirms this view.  *See Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937 (2009).  The Supreme Court clarified the *Twombly* precedent by providing two clear rules for pleading standards; first, conclusory allegations in the complaint are not entitled to assumptions of truth, and second, the allegations provided must plausibly suggest an entitlement to relief.  *Id.* at 1951.

## III. DISCUSSION

### A. Claims of Bad Faith are Premature (Counts III, VI, XI)[2]

Plaintiffs' Complaint includes three counts of bad faith, including both common law and statutory bad faith claims (Counts III, VI, and XI).  Defendant first contends that "Florida law does not recognize first-party claims for common law bad faith." [D.E. 6].  However, the policy

---

[2]The Complaint has two counts titled "Count X."  This appears to be a typographical error, and the Court treats the second Count X as Count XI.

in dispute (titled *Directors and Officers Liability Policy, Private Company*) is a liability policy intended to protect Plaintiffs from third-party claims.  Liability policies are synonymous with third-party insurance.  *See* Black's Law Dictionary 873 (9th ed. 2009), *insurance* ("An agreement to cover a loss resulting from the insured's liability to a third-party . . . .  Also termed  *third-party insurance*[.]") (italics in original).  The liability policy at issue required Defendant to indemnify Plaintiff for claims made by third-parties against them, a typical third-party claim.   *See Mercury Ins. Co. Of Florida v. Cooper*, 919 So.2d 491, 499 n.11 (Fla. 3d DCA 2005) ("Third-party claims, by definition, include persons or entities who are strangers to the contractual relationship between the insured and the carrier.") (citing *Aetna Cas. & Sur. Co. v. Bortz*, 271 So.2d 108 (Fla.1972)).  Here, this is a third-party claim and is subject to common law bad faith claims.   *See Macola v. Government Employees Ins. Co.,* 410 F.3d 1359 (11th Cir. 2005) (allowing third-party common law bad faith insurance claim).

Defendant's next contention is that Plaintiffs' bad faith claims are premature due to the fact that liability has yet to be proven.  Plaintiffs argue that the bad faith claims can be presently addressed, and rely on the fact that they allegedly filed a Civil Remedy Notice ("CRN") with the Florida Department of Financial Services on December 11, 2008.  Therefore, argue Plaintiffs, since Defendant failed to respond, a presumption of bad faith is created on Defendant's part.  *See Imhof v. Nationwide Mut. Ins. Co.*, 643 So.2d 617, 619 (Fla. 1994) *receded from in part on other grounds*, 658 So.2d 55 (Fla. 1995).  This argument fails for two reasons.  First, although the filing of a CRN is a condition precedent for bringing a bad faith claim, Plaintiffs' Complaint fails to reference the alleged CRN.   On a motion to dismiss the Court cannot consider the reference to the CRN contained in Plaintiffs' Response.  *See St. George v. Pinellas County*, 285 F.3d 1334,

1337 (11th Cir. 2002) (review is limited to "the four corners of the complaint").  Second, the presumption of bad faith will not apply until the underlying liability action is resolved.   *See Blanchard v. State Farm Mut. Ins. Co.,* 575 So.2d 1289, 1291 (Fla. 1991) (an insured's action for insurance benefits must be resolved favorably to the insured before the cause of action for bad faith can accrue); *see also OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc.,* 898 So.2d 113, 115 (Fla. 5th DCA 2005) ("if there is no insurance coverage . . . the insurer cannot have acted in bad faith in refusing to settle the claim").  "[T]he existence of liability and the extent of damages are elements of the statutory bad faith claim that must be determined before a statutory cause of action for bad faith will lie." *Vanguard Fire and Casualty Co. v. Golmon,* 955 So.2d 591, 594 (Fla. 1st DCA 2006).

Therefore, these claims cannot be addressed until RSUI's liability is resolved.  However, dismissal of these counts is not warranted here.  "Rooted in notions of judicial economy, the doctrine of abatement offers courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripen." *O'Rourke v. Provident Life and Acc. Ins. Co.*, 48 F.Supp.2d 1383, 1385 (S.D.Fla. 1999).  Accordingly, in the interest of judicial economy, Counts III, VI, and XI shall be abated until liability and damages are determined.

### B. Claims for Breach of Contract (Counts II, V, VIII)

Defendant also contends that the Complaint as currently pleaded poses a risk of multiple recoveries.  Although this may be a valid concern, it is an issue which can be resolved at the Summary Judgment stage or if the case goes to trial, through jury instructions.  As the Complaint is currently pleaded, it does not violate Rule 8 on its face.  A party may set out two or more

statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. Fed.R.Civ.P. 8(d)(2); *see also United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims").

Defendant next argues that Plaintiffs, in Counts II, V, and VIII, has failed to satisfy the requirements necessary to establish a breach of contract claim.  A breach of contract claim requires (1) a contract; (2) a breach thereof; and (3) damages.  *Friedman v. New York Life Insurance Co.,* 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *Profilet v. Cambridge Financial Corp.*, 231 B.R. 373, 382 (S.D. Fla. 1999).  Furthermore, the plaintiff must attach a copy of a valid contract to the complaint or identify a valid contract with a "degree of specificity."  *Behrman v. Allstate Life Ins. Co.,* 388 F.Supp.2d 1346 (S.D. Fla. 2005).

Count II of the Complaint sufficiently meets the pleading requirements.  The Court recognizes Defendant's argument that there is not a copy of the complete policy attached to the Complaint.  However, here there is only one policy at issue.  The policy is named (policy HP625427) with the required degree of specificity in Count I of the Complaint, dates of coverage are given, and Defendant was sufficiently put on notice of the policy involved.  Defendant also argues that Count II fails to allege that Plaintiffs submitted claims to Defendant for defense and coverage.  Again, while this technically may be true and Plaintiffs could have more carefully drafted the Complaint, Defendant is clearly aware that Plaintiffs filed these claims as it is stated earlier in the Complaint.  Having established a valid contract, Plaintiffs then plead the required breach of contract by alleging "RSUI breached its obligations under the policy to the Plaintiffs

against whom the claims in par. 12 have been made." [3]  Lastly, Count II finishes with a claim of

damages that include the cost of paying and defending the claims.  Therefore Count II

sufficiently meets the pleading requirements for a breach of contract claim.  Notwithstanding this

conclusion, however, upon amendment,  *see infra,* the Complaint should be more carefully

drafted.

Count V of the Complaint does not, however, meet the pleading requirements for a

breach of contract claim.  With that said, when a complaint lacks necessary information, a district

court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it

appears that a more carefully drafted complaint might state a claim upon which relief could be

granted.  *Bender v. Centrust Mortgage Corp.*, 833 F.Supp. 1525, 1529-30 (S.D.Fla. 1992)

(citations and internal quotations omitted)**.**  As noted above, for purposes of the Complaint a

valid contract has already been established, but the Complaint fails to properly plead a material

breach.  Count V alleges that "RSUI waived the right to not renew the policy."  This legal

conclusion is not supplemented with any facts that would support why non-renewal was

improper or how RSUI waived the right to not renew the policy.  Such conclusions are not

presumed true and require supporting facts to meet the pleading requirements.  *See Iqbal,* 556

U.S. __, 129 S.Ct. 1937 (2009).  Although Plaintiffs attempt to correct this error within their

Response, the Court cannot consider those arguments as they are outside the four corners of the

---

[3]The Court notes that the Complaint repeatedly refers to the third-party claims made
against Plaintiffs in paragraph 12.  However, paragraph 12 does not include any claims made
against Plaintiffs.  The Court, in viewing the Complaint as a whole, has construed references to
paragraph 12 as references to paragraph 10 which directly refers to the third-party claims made
against Plaintiffs.  It is also noted that Defendant has not specifically challenged this discrepancy.

Complaint and such revision is more appropriate for an amended complaint.  *See St. George*, 285 F.3d at 1337.

Additionally, Count VIII of the Complaint does not meet the pleading requirements for a breach of contract claim.  Count VIII uses the same relevant paragraphs as Count V in order to establish that RSUI waived their right to renew the policy.  For the same reasons stated above, this count does not meet the minimum pleading requirements.  Furthermore, the damages claimed in Count VIII are only "loss of insurance coverage and policy benefits for claims which would have been covered if RSUI had not failed to renew the policy," and not damages due to claims filed against Plaintiffs.  Therefore, it appears that, as the Complaint is currently pleaded, the only damages Plaintiff could receive under Count VIII would be unearned premiums and potential excess costs of obtaining a new policy.  *See Berg v. First State Ins. Co.,* 915 F.2d 460 (9th Cir. 1990)(loss of insurance coverage did not result in an ultimate damage and therefore damages are limited).

## C. Count X Claim for Wrongful Cancellation[4]

Defendant contends that Count X (titled "Damages against RSUI for Wrongful Cancellation of Policy")  fails to plead a cause of action for which relief may be granted.  I agree. To the extent that Plaintiffs intend to plead a breach of contract claim, it is required that they do so within their Complaint and not within their Response.  *See St. George,* 285 F.3d at 1334. However, Count X does not contain an explicit breach of contract claim.  Count X realleges paragraphs 81 and 82 from Count IX which establish that a dispute exists between the parties and

---

[4]The Court has already noted that there are two claims labeled "Count X," here I refer to the initial Count X.

the dispute pertains to the policy at issue.  Count X then concludes with a plea for damages including loss of insurance coverage, loss of tail coverage, and loss of benefits.  Defendant concedes that damages are adequately pleaded, but maintains that a cause of action was not explicitly stated.  Plaintiffs once again attempt to cure this deficiency through their Response. Specifically, Plaintiffs' Response cites to paragraph 80 in Count IX which alleges a breach and wrongful cancellation of the insurance policy.  However, Count X does not itself include or incorporate paragraph 80.  Therefore, since the Court cannot infer a cause of action not explicitly put forth, Count X fails to properly allege a cause of action upon which relief can be granted.  *Id.* at 1337.  Again, the Court also notes that the damages alleged in Count X are for loss of insurance coverage and therefore Plaintiffs are limited to unearned premiums and potential excess costs of obtaining a new policy.  *See Berg,* 915 F.2d 460 (9th Cir. 1990)**.**

**D. Declaratory Relief (Counts I, IV, VII, IX)**

Plaintiffs have not indicated whether this claim is brought pursuant to federal law, 28 U.S.C.A. §2201, or the Florida Declaratory Judgment Act, Fla. Stat. 86.011.  Since Plaintiffs have not alleged federal question jurisdiction, the Court assumes that Florida Statute 86.011 applies, but both standards are substantially similar and neither have been met.  Under the Florida Declaratory Judgment Act, a party is required to plead that there is a bona fide adverse interest between the parties, that the plaintiff has a doubt about the existence of such right or privilege, and that the plaintiff is entitled to have that doubt removed.  *See Adams Partners, Inc. v. Bentley Motors, Inc.,* 06-81138-CIV, 2007 WL 1812278 at *1 (S.D.Fla. 2007) (citing *Floyd v. Guardian Life Ins. Co. Of America,* 415 So.2d 103, 104 (Fla. 3d DCA 1982)).  Plaintiffs sufficiently plead that an adverse interest exists but fail to plead that they are in doubt of their rights under the

policy and Florida law.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1.  Counts III, VI, and XI alleging bad faith by Defendant are **ABATED** until the underlying liability and damages are determined.

2. Defendant's Motion to Dismiss is  **GRANTED**  *without prejudice* in regards to Counts I, IV, V, VII, VIII, IX, and X.

3.  Defendant's Motion to Dismiss is **DENIED** without prejudice in regards to Count II.

4. Plaintiffs' have through August 14th, 2009 to file an Amended Complaint.

**DONE** and **ORDERED** in Chambers at Miami, Florida, this 28th day of July 2009.

_Marcia G. Cooke_

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*

10